UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DONALD GREGORY MURRAY,<br>Defendant. | Case No. 4:20-mj-71869-MAG-1   (EJD)<br><br>**ORDER DENYING MOTION TO REVOKE RELEASE ORDER; MODIFYING RELEASE ORDER**<br><br>Dkt. No. 7 |

Defendant Donald Gregory Murray is charged by complaint with one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). On December 18, 2020, Defendant made his initial appearance and the Government moved for detention. Dkt. No. 4. On December 28, 2020, Pretrial Services submitted a pre-trial bail report recommending that Defendant be detained based on its assessment that Defendant poses a danger to the community which cannot be reasonably mitigated by a combination of release conditions. Dkt. No. 5.

On December 29, 2020, Magistrate Judge Kim held a detention hearing and ordered Defendant released to a halfway house located in San Francisco on a $ 25,000 unsecured bond signed by his girlfriend, Terrell Diane Knox (hereinafter "Release Order"). Dkt. No. 6. The same day, the Government filed a motion to revoke the Release Order. Dkt. No. 7. Upon the filing of the motion, this Court stayed the Release Order. Dkt. No. 8. On December 31, 2020, Defendant filed an opposition. Dkt. No. 12.

Case No.: 4:20-mj-71869-MAG-1
ORDER DENYING MOTION TO REVOKE RELEASE ORDER; MODIFYING RELEASE ORDER

1

1  The Government's motion was heard on January 5, 2021.  For the reasons stated below and on the record at the hearing, the Court will deny the Government's motion to revoke the Release Order.  Instead, the Court will modify the Release Order to reasonably assure the safety of the community.

## I.  BACKGROUND

Defendant is 22 years old and a life-long resident of Oakland, California.  Defendant's mother indicated that he lived at her home "off and on" and she was unsure where he lived when he was not residing with her.

On December 16, 2020, ATF Special Agents and Task Force Officers, with the assistance of the Oakland Housing Authority Police Department, executed a federal search warrant at Defendant's home in Oakland.  Dkt. No. 1.  During the search, Agents located a black backpack with the writing "DONALD M" on one of the straps.  *Id*.  The backpack contained a Glock Model 23, .40 S&W pistol bearing serial number SRE276, loaded with twenty .40 S&W cartridges; a Romarm, Model Champion 2007 5.56x45 mm pistol; and a privately manufactured .40 S&W pistol with no serial number, loaded with eight .40 S&W cartridges.  *Id*.  On December 17, 2020, Judge Westmore issued an arrest warrant for Defendant.

## II.  LEGAL STANDARDS

This Court reviews *de novo* a magistrate judge's order regarding pretrial detention.  *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990) ("There are ample reasons, then, for concluding that the district court's review of a magistrate's detention order is to be conducted without deference to the magistrate's factual findings.").

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141, et seq., persons facing trial are to be released under the least restrictive condition or combination of conditions that will "reasonably assure" the appearance of the person as required and the safety of the community.  *See* 18 U.S.C. § 3142(c)(2); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).  "Only in rare circumstances should

Case No.: 4:20-mj-71869-MAG-1
ORDER DENYING MOTION TO REVOKE RELEASE ORDER; MODIFYING RELEASE ORDER

2

release pending trial be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *Gebro*, 948 F.2d at 1121 (citing *Motamedi*, 767 F.2d at 1405). On a motion for pretrial detention, the Government bears the burden of showing by clear and convincing evidence that the defendant poses a danger to the community, and by a preponderance of the evidence that the defendant poses a flight risk. *Motamedi*, 767 F.2d at 1406–07.

Section 3142(g) of the Bail Reform Act contains several factors to evaluate whether there are any conditions of release that will "reasonably assure" a defendant's future appearances and the safety of the community. 18 U.S.C. § 3142(g). These factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the person including: (A) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986); *Motamedi*, 767 F.2d at 1407. "Of these factors, the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt." *Gebro*, 948 F.2d at 1121 (citing *Winsor*, 785 F.2d at 757); *see also Motamedi*, 767 F.2d at 1408. Evidence of guilt is relevant only in terms of the likelihood that the defendant will fail to appear or will pose a danger to the community. *Winsor*, 785 F.2d at 757. After a court determines whether a defendant should be detained or released pretrial, the decision may be reopened at any time before trial "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other

person and the community." 18 U.S.C. § 3142(f).

## III. DISCUSSION

### A. Defendant is a Danger to the Community

Having conducted a *de novo* review of the record, the Court finds by clear and convincing evidence that Defendant is a danger to the community.

#### 1. The nature and circumstances of the offense

The nature and circumstances of the offense charged and the weight of the evidence favor detention. Defendant was found in possession of three firearms, two of which were loaded, at his home. The firearms were found in a backpack with "Donald M" written on the strap. Defendant was seen carrying and then dropping an AR-style pistol outside of a store in Oakland.

#### 2. Defendant's history and characteristics

Defendant's history and characteristics confirm he is a danger to the community. Despite Defendant's relatively young age, he has sustained one wardship and three adult felony convictions. Defendant sustained the wardship felony conviction in February of 2015 for Robbery. Less than two years after this conviction and while Defendant was on probation, in January 2017, he was charged and later convicted of Carrying a Concealed Firearm. Thereafter, he repeatedly violated probation and was resentenced in October 2019 to 16 months' prison.

While on probation for the felony offense, in October of 2019, Defendant was arrested and charged with Felony Evasion. Defendant was sentenced to probation for the Felony Evasion and resentenced to 16 months' prison for the 2017 conviction. Two months later, on December 10, 2019, Defendant was arrested and subsequently convicted of being a Felon in Possession of a Firearm on June 8, 2020. Six months later, Defendant was found in possession of the firearms that are the basis of the instant criminal case. Defendant has shown he is unable or unwilling to stay away from firearms.

Defendant's Instagram posts provide additional evidence that Defendant is a clear danger to the community. Defendant posted pictures of himself with firearms. One post reads: "Catch a

Case No.: 4:20-mj-71869-MAG-1
ORDER DENYING MOTION TO REVOKE RELEASE ORDER; MODIFYING RELEASE ORDER

4

United States District Court
Northern District of California

opp [smiley face] in traffic [exclamation points] this 23 get to jumping." Dkt. No. 1, ¶ 10. Based on his training and experience, ATF Special Agent Andrew Balady understood this post to mean that if Defendant were to see a rival gang member in traffic, he would use his firearm to shoot at his rival. *Id.* Defendant's boasts and threats are particularly unsettling given the escalating gun violence in Oakland.

It is a mitigating factor, however, that Defendant has never been arrested or convicted of a violent crime or drug trafficking. Further, there is no allegation by the Government that any of the firearms found in Defendant's possession were used in a violent crime.

### B. Conditions of Release

Notwithstanding the Court's finding that Defendant is a danger to the community, the Court concludes that the Release Order imposed by Judge Kim is appropriate. Judge Kim ordered Defendant released on a $25,000 unsecured bond co-signed by his girlfriend, Ms. Knox, on the condition that he reside at the San Francisco halfway house. The Court confirmed during the hearing that Ms. Knox understands her responsibilities as a surety. Although she does not reside locally and may be insolvent as the Government argues, the Court is hopeful she will be a responsible and stable influence for Defendant. The Bail Reform Act does not require a solvent surety for all Defendants in all cases. *See United States v. Powell,* 2010 WL 2557388, at *2 (N.D. Cal. June 21, 2010). The halfway house will afford Defendant an opportunity to be in a different neighborhood, in a different group of people, and distance him from influences in Oakland that may have led to his prior criminal activity.

### IV. CONCLUSION

For the reasons stated above, the Court affirms Judge Kim's Release Order and DENIES Government's motion to revoke the Release Order. To further ensure the safety of the community, the Court orders the following modifications to the Release Order:

1. Defendant shall be placed under lockdown at the San Francisco halfway house. Defendant is prohibited from leaving the halfway house for any purpose, including employment,

Case No.: 4:20-mj-71869-MAG-1
ORDER DENYING MOTION TO REVOKE RELEASE ORDER; MODIFYING RELEASE ORDER

5

without the prior approval of Pretrial Services.

      2.      Defendant shall be subject to GPS monitoring.

      3.      Defendant is prohibited from contacting any person known to him as a gang member.

**IT IS SO ORDERED.**

Dated: January 6, 2021

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 4:20-mj-71869-MAG-1
ORDER DENYING MOTION TO REVOKE RELEASE ORDER; MODIFYING RELEASE ORDER

6